IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 20, 2005 Session

**STATE OF TENNESSEE v. DOROTHY PRYOR**

**Appeal from the Criminal Court for Sumner County**
**No. 682-2004     Jane Wheatcraft, Judge**

---

**No. M2005-00890-CCA-R3-CD - Filed February 16, 2006**

---

The Defendant, Dorothy Pryor, appeals the sentencing decision of the Sumner County Criminal Court. The Defendant pled guilty to five counts of burglary and three counts of Class D felony theft. Pursuant to the plea agreement, she received an effective eight-year sentence for the burglary convictions and an effective eight-year sentence for the theft convictions. Following a sentencing hearing, the trial court ordered the burglary and theft sentences to be served consecutively to one another and consecutively to a prior eight-year sentence, for a total sentence of twenty-four years in the Department of Correction as a Range III, persistent offender. On appeal, the Defendant argues that consecutive sentencing was improper. After a review of the record, we affirm the sentencing decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, joined.

Russell Edwards, Hendersonville, Tennessee, for the appellant, Dorothy Pryor.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Russell Edwards, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The following facts are taken from the presentence report:

Compilation of eight Sumner County affidavits of complaint dated 5/26/04 and signed by Tim Bailey, Sumner County Sheriff's Department:

On 5/16/04 the Sumner County Sheriff's Department responded to 1041 Old Highway 109 North and took an aggravated burglary report from the victim, Ollie Ralph. The victim states that on this date someone broke a window and entered his residence and took about $100 in U.S. Currency, a black leather coat, a queen set of sheets and an Indian ceramic doll and cradle. . . . [T]he [Defendant] stated that she had been conducting burglaries for about a week prior to being caught on 5/20/04. There has been no recovery of any of these items listed in this affidavit, but your affiant has . . . recovered several items taken in other burglaries that the Defendant admitted to after Miranda. The [Defendant] stated that she was burglarizing homes to get ready for a yard sale she was going to have and the items stolen would be similar to those found in a yard sale, excluding the currency. Furthermore, the [Defendant] stated that she may have broken a window during some of the burglaries she conducted, but generally tried to go through an unlocked door. . . .

On 5/18/04 the Sumner County Sheriff's Department responded to 1054 Martha Lane in Gallatin and took an aggravated burglary report from Anne Bingham. Ms. Bingham reported that someone entered her unlocked residence and took several items including a McCoulough brand weed eater and chainsaw, a skill saw, a Makita drill, some water pitchers, marbles, and collector coins. Later the victim reported that two silver bracelets were also stolen. All of these items, excluding the chainsaw, coins, and marbles, were recovered from 1847 Cairo Road in Gallatin, Tennessee, [the Defendant's] address. The Defendant gave a confession after Miranda.

On 5/18/04 the Sumner County Sheriff's Department responded to 1915 Lakewood Drive in Gallatin, Tennessee to a burglar alarm. Upon arrival, officers located a broken window and an open back door. The victim, Randall Hampton, stated that nothing was taken during the burglary and believes that the burglar was scared off after entering the house and setting off the alarm by triggering a motion detector. . . . The Defendant subsequently confessed to several burglaries after Miranda.

On 5/[19]/04 the Sumner County Sheriff's Department responded to an aggravated burglary which had occurred sometime earlier on this date, according to the victim, Jewell Chambers. Ms. Chambers reported that on this date [s]omeone entered her home and took a silver tea set and earrings for a total value of approximately $500.00. There was no apparent forced entry into the residence reported by Deputy Carpenter and the victim. . . . On 5/20/04 Trousdale/Metro Police Department conducted a traffic stop on [the Defendant] and subsequently arrested her for DUI. In the vehicle, officers located several items from aggravated burglaries in Sumner County and one in Trousdale County. Furthermore, officers obtained consent to search 1847 Cairo Road in Gallatin, Tennessee, which is the address of [the Defendant's] son. At this location officers recovered other stolen items including a sterling silver tea set. The Defendant was interviewed on 5/21/04

and after Miranda, stated that she was responsible for this and other burglaries. The Defendant stated she entered the home through a "Florida Room", also known as a sun room, where the door was unlocked. . . .

On 5/19/04 the Sumner County Sheriff's Department responded to 462 Gibbs Lane to take an aggravated burglary report from victim, Leslie Hartman. The victim reported that sometime on this date, someone entered her residence and took several guns and some jewelry. One of said guns and several pieces of jewelry, including a class ring with the victim's name on it, was recovered from [the Defendant's] address at 1847 Cairo Road in Gallatin, Tennessee after consent to search was obtained. The [Defendant] subsequently gave a confession after Miranda.

On 5/20/04 the Sumner County Sheriff's Department responded to 2419 Highway 31 East in Gallatin, to take a burglary report. The victim, Albert Stricklen, reported nothing missing, but two witnesses had confronted [the Defendant] while she was in the victim's shed at his residence with property in her possession. When confronted, the [Defendant] stated that someone named Charles Brown said she could borrow his hedge trimmers. The [Defendant] then left as the witnesses obtained descriptions of her and her vehicle. Both descriptions matched and the Defendant subsequently confessed to this after Miranda.

On 5/23/04 the Sumner County Sheriff's Department responded to 824 Dobbins Pike in Gallatin, Tennessee and took a burglary report from the victim, David Alexander. Mr. Alexander reported that some time earlier in the week someone entered the garage area of his residence and took a Delta miter saw. The victim believes that the burglar entered the residence through an unlocked door. This miter saw was recovered and identified and returned to the victim. The saw was recovered from 1847 Cairo Road in Gallatin, Tennessee where [the Defendant] resided. . . . Consent to search this residence was obtained from the Defendant's son, Bobby Walker, who is the owner of the residence and the items were recovered from the garage area. The [Defendant] gave a confession after Miranda.

On 5/24/04 your affiant took an aggravated burglary report from victim, Barney Allen. The victim stated that sometime prior to this date, someone went into the garage area of his residence and stole a list of items, including a DeWalt drill, a Poulan Chainsaw, a box containing snow chains, a Clark brand saw, a Black and Decker hedge trimmer, a Weedeater brand leaf blower, a Bench Top brand drill, a Bench Top brand random orbit polisher, a Century brand battery charger and a Craftsman brand shop vac. The victim stated that he noticed the items missing on 5/23/04 and stated the items must have been taken soon before this. The victim's residence is located at 1030 Roundtree Drive in Gallatin, Sumner County, Tennessee. On 5/20/04 [the Defendant] was arrested in Trousdale County for aggravated burglary, among other charges, and was a suspect in several other burglaries in

Sumner County. After the Defendant's arrest, your affiant was able to recover the above listed items, which were discovered in the vehicle the Defendant was operating at the time of her arrest. The victim subsequently identified the items as his.

This series of burglaries was committed while the Defendant was serving an eight-year suspended sentence for attempted fraudulent use of a credit card, Class D felony theft, and three counts of misdemeanor theft. Probation violation warrants were issued, alleging that the Defendant had violated the conditions of her probation based upon new arrests. Thereafter, the July 2004 term of the Sumner County grand jury returned a sixteen-count indictment against the Defendant charging her with seven counts of aggravated burglary, two counts of burglary, three counts of Class D felony theft, and four counts of misdemeanor theft.

On February 7, 2005, the Defendant pled guilty to five counts of burglary and three counts of Class D felony theft, and all remaining charges were dismissed. At the submission hearing, the Defendant also admitted to violating the conditions of her probation. Pursuant to the plea agreement, the Defendant received sentences of eight years for each of the five burglary convictions, which were to be served concurrently in the Department of Correction as a Range III, persistent offender. The Defendant likewise received concurrent sentences of eight years as a Range III, persistent offender for each of the three theft convictions. The issue of consecutive or concurrent sentencing for the effective eight-year theft sentence and the effective eight-year burglary sentence was reserved for the trial court's determination.

Following a sentencing hearing on March 24, 2005, the trial court ordered that the eight-year sentences for burglary and theft were to run consecutively to one another. The trial court also found that the Defendant was in violation of her probation. Her original eight-year sentence to the Department of Correction as a Range III, persistent offender was ordered to be served consecutively to the burglary and theft sentences, resulting in a total sentence of twenty-four years in the Department of Correction as a Range III, persistent offender. This appeal followed.

**ANALYSIS**

The Appellant argues that the trial court erred by ordering her sentences for burglary and theft to be served consecutively to each other and consecutively to her prior eight-year sentence. Specifically, she asks this court to order that all sentences run concurrently for an effective eight-year sentence.

Upon a challenge to the sentence imposed, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record,

then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401; Arnett, 49 S.W.3d at 257.

When a Defendant is convicted of multiple crimes, the trial court, in its discretion, may order the sentences to run consecutively if it finds by a preponderance of the evidence that a defendant falls into one of seven categories listed in Tennessee Code Annotated section 40-35-115 (2003). With reference to the particular facts of this case, Tennessee Code Annotated § 40-35-115(b) provides that the sentencing court may order sentences to run consecutively if the court finds by a preponderance of the evidence that: (1) The defendant is an offender whose record of criminal activity is extensive; (2) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high; or (3) The defendant is sentenced for an offense committed while on probation. Tenn. Code Ann. § 40-35-115(b)(2), (4), (6).

In this instance, the trial court found as one of the factors that Defendant was "a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). If the trial court rests its determination of consecutive sentencing on this category, the court must make two additional findings. State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). First, the trial court must find that an extended sentence is necessary to protect the public from further criminal conduct by the defendant and, second, it must find consecutive sentencing to be reasonably related to the severity of the offenses. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

Although such specific factual findings are unnecessary for the other categories enumerated in Tennessee Code Annotated section 40-35-115(b), the imposition of consecutive sentences is also "guided by the general sentencing principles that the length of a sentence be 'justly deserved in relation to the seriousness of the offense' and 'no greater than that deserved for the offense committed.'" Imfeld, 70 S.W.3d at 708 (quoting Tenn. Code Ann. §§ 40-35-102(1), -103(2)); State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999).

In its sentencing decision, the trial court ordered the Defendant to serve consecutive sentences and reasoned in part as follows:

> Before the Court is a lady who has a very, very long prior history. I counted 17 prior felonies. She has a whole slew of misdemeanors. . . . She has a very, very poor social history, poor employment history, and she had had, as I said a life of crime.

She was in prison for a period of time and I think came out on parole. As I recall, that eight-year sentence that I gave her was subsequent to a to-serve sentence, and it was to be on intensive probation. So I already tried giving her some prison time, followed by probation. And she came out then on intensive probation on the case for which she is here on the probation violation -- that's case 1022-2000 -- and within a month she was back to her thieving and apparently drug-using ways.

. . .

. . . And in light of her prior record, I'm going to make them consecutive sentences. I think that, you know, she goes into these houses. Her behavior indicates little or no regard for human life, no hesitation about committing a crime in which the risk to human life is high. She has a long prior criminal history. I think that proves that she is a dangerous offender. And the fact that she was on parole for one charge, on probation when she committed these crimes, she wasn't out for one month, I think that this lady is someone from whom society needs protection. And I'm going to impose all of these sentences to serve, and they will all be consecutive with each other.

And, frankly, I think under the Wilkerson case that there is no question that the aggregate length of the sentence, which is 24 years, is reasonably related to the severity of the appellant's offenses, and this is for all the reasons that I have already put on the record. So that will be the judgment of the Court.

The Defendant contends that consecutive sentencing was improper because

there was absolutely no proof presented at the sentencing hearing, or in the record for that matter, evidencing the fact that the Defendant is a dangerous offender whose behavior indicates little or no regard for human life, or that she has no hesitation about committing a crime in which the risk to human life is high.

While the trial court's finding does allude to classifying the Defendant as a "dangerous offender," the trial court also found that the Defendant qualified for consecutive sentencing because she: (1) had an extensive criminal history and (2) was on probation at the time of the offense. Tenn. Code Ann. § 40-35-115(b)(2), (6).

The Defendant's prior criminal history includes convictions for five counts of theft, eight counts of worthless checks, three counts of grand larceny, two counts of illegal possession/fraudulent use of a credit card, three counts of receiving stolen property, eight counts of burglary, two counts of possession of illegal drugs, and one count of public intoxication. This history spans a period of more than twenty years, beginning in 1980. Moreover, the Defendant was on probation for attempted fraudulent use of a credit card, Class D felony theft, and three counts of misdemeanor theft at the time she committed the present offenses. Accordingly, the record supports the findings that

the Defendant had an extensive criminal history and was on probation at the time she committed the present offenses. It is necessary to find the presence of only one of the statutory categories listed in Tennessee Code Annotated section 40-35-115(b) to support the imposition of consecutive sentencing. State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997)

Upon de novo review, we conclude that the imposition of consecutive sentences was appropriate, as the proof established that the aggregate sentence imposed is justly deserved and no greater than that deserved for the offenses committed. This issue is without merit.

## CONCLUSION

After a review of the record, we affirm the imposition of consecutive sentencing.


                                                  _____

DAVID H. WELLES, JUDGE